Paul J. Holma, OSB #93314
E-mail: pholma@portlaw.com
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 200
Portland, OR 97204-3029
Telephone: (503) 417-0505
Facsimile: (503) 417-0501
Of Attorneys for Plaintiffs

FILED'07 MAR 09 15:57USDC-ORP

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

BRONAUGH INVESTORS OREGON,
LIMITED PARTNERSHIP, an Oregon
limited partnership; and BAKKE PROPERTY
MANAGEMENT, an Oregon corporation,

Plaintiffs,

v.

OREGON HOUSING AND COMMUNITY
SERVICES, an agency of the STATE OF
OREGON; and the UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

Defendants.

Civil No. **CV'07 - 0359    MO**

COMPLAINT
(Declaratory, Injunctive and Monetary
Relief)

DEMAND FOR JURY TRIAL

Plaintiffs allege:

## PARTIES

1.      Plaintiff Bronaugh Investors Oregon, Limited Partnership ("Bronaugh") was and

is an Oregon limited partnership. Bronaugh's general partner was and is Kenneth G. Bakke

("Ken Bakke").

2.      Plaintiff Bakke Property Management was and is an Oregon corporation.

3.      Defendant Oregon Housing and Community Services ("OHCS") was and is an

Page 1 – COMPLAINT



1 | agency of the State of Oregon.

2 |     4.    Defendant United States Department of Housing and Urban Development

3 | ("HUD") was and is a Department of the United States of America.

4 | JURISDICTION AND VENUE

5 |     5.    This Court has jurisdiction over the subject matter of this action pursuant to 42

6 | U.S.C. § 3601, et seq., in that this action involves questions of law under the amended Fair

7 | Housing Act; 28 U.S.C. § 1331, in that this is an action arising under the Constitution, laws, or

8 | treaties of the United States; and/or 28 U.S.C. § 1346 in that this action involves an agency of the

9 | United States of America.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §

10 | 1367.

11 |     6.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(e).

12 | FACTS

13 |     7.    Bronaugh is the owner of the Bronaugh Apartments, a 51-unit apartment complex

14 | and real property located at 1434 S.W. Morrison, Portland, Multnomah County, Oregon (the

15 | "Project").

16 |     8.    In about June 1982, Bronaugh entered into a written Section 8 Housing

17 | Assistance Payments Contract with HUD, relating to the Project.

18 |     9.    In about July 1991, Bronaugh entered into a written agreement with Bakke

19 | Property Management, Inc., dated July 10, 1991 (the "Management Agreement"), to manage the

20 | Project.  In about 2001, Bakke Property Management, Inc., merged with plaintiff Bakke Property

21 | Management (collectively "Bakke Property").

22 |     10.    Bakke Property receives compensation for its management services from Project

23 | funds.

24 |     11.    The Oregon Housing Agency of the State of Oregon approved and consented to

25 | the Management Agreement.  In or about 1991, the Oregon Housing Agency and the Department

26 | of Human Resources' State Community Services Division, were combined to create defendant

Page 2 – COMPLAINT

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 200
Portland, Oregon 97204-3029
Telephone:  503-417-0500 • Fax:  503-417-0501

1 | OHCS.

2 |      12.     The Management Agreement requires Bakke Property to perform standard

3 | management duties, but does not require Bakke Property to pursue tax abatements for the

4 | Project.

5 |      13.     All obligations and conditions precedent on plaintiffs' parts under the agreements

6 | and transactions alleged above were performed or occurred, or were waived or otherwise

7 | excused.

8 |      14.     A historic tax abatement for the Project was to expire in 1995. In consultation

9 | with the investors of Bronaugh and Jake Thiessen, the then-project manager for OHA, Bakke

10 | Property engaged a historic property consultant and went through a many-tier application process

11 | necessary to procure an extension of the 15-year abatement. Bakke Property was successful in

12 | obtaining the extension. Bakke Property's work was performed from 1995 to 1999, and included

13 | over 122 hours of Ken Bakke's time on behalf of Bakke Property. Multnomah County initially

14 | denied an extension, which Bakke Property successfully challenged in Court.

15 |      15.     The outside consultant and attorney engaged by Bakke Property were paid from

16 | Project funds. However, Bakke Property has not received any compensation for its work

17 | securing the extension of the 15-year tax abatement.

18 |      16.     On about April 21, 2001, Bakke Property submitted a bill to Bronaugh for its

19 | services securing the extension in the amount of $186,208.00 to be paid from Project funds. This

20 | bill was based upon an estimate of 20% of the tax savings and interest which will accrue to the

21 | Property over the extended 15-year abatement period. The market for tax abatement services is a

22 | contingent fee market, and Bakke Property believes that 20% is at or below the market rate for

23 | these services.

24 |      17.     The OHCS disputed Bakke Property's bill, contending that the services were

25 | within the scope of services under the Management Agreement.

26 |      18.     In or about January, 2002, OHCS and Bakke Property agreed to settle Bakke

Page 3 – COMPLAINT

1    Property's bill for payment to Bakke Property in the amount of $93,103.00 over time from

2    Project funds.  OHCS conditioned its agreement to settle upon HUD's approval of the settlement.

3        19.    In about May 2002, OHCS requested HUD's approval of the settlement.  HUD

4    responded that they had no objection to OHCS paying additional compensation to Bakke

5    Property for its services, but HUD objected to payment of the settlement amount from Project

6    funds.

7        20.    Since about July 2002, the parties have attempted to persuade HUD to approve

8    payment of the settlement amount to Bakke Property from Project funds.  HUD continues to fail

9    and refuse to approve the settlement.

10       21.    The benefit of the tax abatement will accrue to HUD and the Property.  HUD will

11   be unjustly enriched if allowed to reap the benefits of the abatement without payment of just

12   compensation to Bakke Property for its services securing the abatement.

FIRST CLAIM FOR RELIEF

(Declaratory Judgment)

15       22.    Plaintiffs reallege and incorporate paragraphs 1 through 21 above.

16       23.    There is presently existing a controversy between plaintiffs, OHCS and HUD over

17   whether HUD approval is required for payment of either the settlement amount or Bakke

18   Property's bill for services, or some other agreed amount to settle the bill, from Project funds,

19   and if so, whether Bakke Property is entitled to payment of the full bill amount of $186,208.00,

20   the settlement amount of $93,103.00 or some other amount.

21       24.    Plaintiffs are entitled to an order adjudicating their right to compensation for the

22   services of obtaining an extension of the 15-year tax abatement for the Project.

SECOND CLAIM FOR RELIEF

(Injunction)

25       25.    Plaintiffs reallege and incorporate paragraphs 1 through 21 above.

26       26.    Plaintiffs are entitled to an order (a) enjoining defendants, their agents,

Page 4 – COMPLAINT

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 200
Portland, Oregon 97204-3029
Telephone:  503-417-0500 • Fax:  503-417-0501

employees, and successors, and all other persons in active concert or participation with any of them, from refusing to approve payment to Bakke Property for its services, and (b) requiring defendants promptly to take effective action to approve payment and pay Bakke Property $186,208.00 or some other amount agreed to by the parties for its services.

### THIRD CLAIM FOR RELIEF

### (Damages—Unjust Enrichment)

27.    Plaintiffs reallege and incorporate paragraphs 1 through 21 above.

28.    Bakke Property provided services securing the tax abatement which benefited HUD and the Project.  Such services were reasonable.

29.    HUD would be unjustly enriched if allowed to benefit from Bakke Property's services, without just and reasonable compensation to Bakke Property.

30.    The amount of $186,208.00 is just and reasonable compensation for Bakke Property's services.  Bakke Property is entitled to an award of such amount for its services securing the extension of the 15-year tax abatement.

### FOURTH CLAIM FOR RELIEF

### (Damages—Breach of Contract)

31.    Plaintiffs reallege and incorporate paragraphs 1 through 21, and 28 through 30 above.

32.    OHCS and HUD have duty to approve and pay for Bakke Property's services.

33.    OHCS and HUD breached the agreements by refusing and failing to approve and pay for Bakke Property's services.  As a result, Bakke Property has been damaged in the amount of $186,208.00.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the judgment and decree of this Court as follows:

A.    Declare that Bakke Property is entitled to compensation from Project funds for its services securing the extension, that HUD approval is not required for the settlement reached

Page 5 – COMPLAINT

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 200
Portland, Oregon 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

1  between Bakke Property and OHCS, that if HUD approval is required then Bakke Property is

2  entitled to compensation from Project funds for its services in the amount of $186,208.00 or such

3  other amount agreed to by the parties.

4        B.     Enjoin Defendants, their agents, employees, and successors, and all other persons

5  in active concert or participation with any of them, from refusing to approve payment to Bakke

6  Property for its services;

7        C.     Order Defendants promptly to take effective action to approve payment and pay

8  Bakke Property $186,208.00 or such other amount agreed to by the parties for its services;

9        D.     Award Plaintiffs damages in the amount of $186,208.00;

10        E.     Award Plaintiffs reasonable attorneys' fees and costs incurred herein; and

11        F.     Grant such other additional relief as may be just and appropriate.

12  PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES TO WHICH THEY

13  ARE SO ENTITLED.

14        DATED this 9th day of March, 2007.

15                     MOTSCHENBACHER & BLATTNER LLP

16

17                     By:_____

18                         Paul J. Holma, OSB # 93314

19                         Telephone: (503) 417-0505
                       Fax:  (503) 417-0501

20                         Email:  pholma@portlaw.com
                       Attorneys for Plaintiff

21                         Trial Attorney:  Paul J. Holma

22

23

24

25

26

Page 6 – COMPLAINT