**Jeremy T. Vermilyea, OSB #001214**
E-mail: jeremy@vermilyealaw.com
VERMILYEA LAW GROUP PC
Attorney at Law
PO Box 23338
Portland OR 97281
Telephone:  (503) 726-1080
Facsimile:  (503) 726-2496
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRONAUGH INVESTORS OREGON, LIMITED PARTNERSHIP; AND BAKKE PROPERTY MANAGEMENT,<br><br>Plaintiffs<br><br>v.<br><br>OREGON HOUSING AND COMMUNITY SERVICES; THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; AND ALPHONSO JACKSON, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Civil Case No. CV 07-0359 MO<br><br>PLAINTIFFS' RESPONSE TO THE CONCISE STATEMENT OF FACTS IN SUPPORT OF OHCS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS |

**Plaintiffs' Response to the Concise Statement of Facts in Support of OHCS' Motion for Summary Judgment.**

1. Plaintiffs accept the facts contained in paragraphs 1 through 9.

2. Plaintiffs deny the assertion, contained in sentence 2 of paragraph 10, that BPM pursued an extension of the tax abatement while acting in its capacity as Bronaugh's management agent.  Otherwise plaintiffs accept the facts contained in this paragraph.

Page 1 –    PLAINTIFFS' RESPONSE TO THE CONCISE STATEMENT OF FACTS IN SUPPORT OF OHCS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

VERMILYEA LAW GROUP PC
Attorneys at Law
PO Box 23338
Portland OR 97281
Telephone:  (503) 726-1080 Fax:  (503) 726-2496
*10041-2003111408.docx\TMF/8/1/2008*

3. Plaintiffs accept the facts contained in paragraph 11-13.

4. Plaintiffs accept the facts contained in paragraph 14; however, the second sentence is misleading and should not be read to imply that approval by OHCS is required before the task is undertaken. It simply requires approval before the payment is made.

5. Plaintiffs accept the facts contained in paragraphs 15-19 of OHCS's concise statement of facts.

**Plaintiffs' Statement of Additional Facts.**

6. OHCS is a public housing agency as defined in the United States Housing Act, 42 U.S.C. §1437, *et seq.*  Bakke Aff. Ex. 1, p. 1.

7. The document included in the AR at pages 6-30, is not an accurate depiction of the HAP Contract. Pages AR 25-AR 30 are taken from a different source and do not match the actual agreement. The correct document is set forth at Bakke Aff. Ex. 1.

8. The HAP Contract further provides that Bronaugh may enforce those rights and remedies against HUD by suit at law or in equity. Bakke Aff. Ex. 1, p. 24-25.

9. The management Agreement requires BPM to perform standard management duties, but does not require BPM to pursue tax abatements for the project. AR 38-45.

10. At its inception, the Project obtained a property tax abatement from Multnomah County. Bakke Aff. ¶5.

11. HUD Handbook 4350.1 §23-1 requires project owners/managers to pursue tax abatements. AR 152.

12. BPM's work was performed from 1995 to 1999, and included over 122 hours of Ken Bakke's time on behalf of BPM. Bakke Aff. ¶7.

13. BPM has not received any compensation for its work securing the extension of the tax abatement. Bakke Aff. ¶9.

Page 2 – PLAINTIFFS' RESPONSE TO THE CONCISE STATEMENT OF FACTS IN SUPPORT OF OHCS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

VERMILYEA LAW GROUP PC
Attorneys at Law
PO Box 23338
Portland OR 97281
Telephone: (503) 726-1080 Fax: (503) 726-2496
*10041-2003111408.docx\TMF/8/1/2008*

14. BPM submitted a bill to Bronaugh on or about April 21, 2001, for its services in securing the extension, in the amount of $186,208 to be paid from project funds. Bakke Aff. Ex. 2.

15. OHCS, Bronaugh, and BPM ultimately agreed to settle BPM's bill for payment in the amount of $93,103 from project funds. AR 59-61.

16. OHCS conditioned its agreement to settle upon HUD's approval of the payment. AR 59-61.

17. In May 2002, OHCS requested the HUD's approval. HUD refused to allow payment of the settlement from Project funds, including the Residual Receipt account. AR 62-64.

18. The HAP Contract requires HUD to make annual contributions to the Project. Bakke Aff. Ex. 1, p. 3.

19. If the annual contributions exceed the operating expenses, the excess is held in the Residual Receipts account. OHCS may only release funds from the Residual Receipts account with HUD's approval. 24 C.F.R. §880.601(e)(2)(i).

20. Since about July 2002, OHCS, Bronaugh and BPM have attempted to persuade HUD to approve payment of the settlement amount to BPM from Project funds. HUD has refused, claiming that this is part of BPM's routine management agent duties. AR 77, 150.

21. HUD Handbook 4350.1 contains a section governing the utilization of professional assistance when seeking tax reductions. There is no difference in this section between the requirements applied to a management agent or outside consultant. AR 154-155.

22. HUD Handbook 4350.1 §23-6(B) requires the project owner to follow the procedures outlined in HUD Handbook 4381.5 if an "identity of interest" exist between the consultant or management agent handling the appeal and the project owner. AR 154-155.

23. HUD Handbook 4381.5 §3.2 lists five types of management fees. AR 163.

Page 3 –   PLAINTIFFS' RESPONSE TO THE CONCISE STATEMENT OF FACTS IN SUPPORT OF OHCS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

VERMILYEA LAW GROUP PC
Attorneys at Law
PO Box 23338
Portland OR 97281
Telephone: (503) 726-1080 Fax: (503) 726-2496
*10041-2003111408.docx/TMF/8/1/2008*

24. The reimbursement of tax abatement services is properly characterized as a "special fee," as it is listed in the examples in 4381.5 §3.6(b). AR 166.

25. HUD Handbook 4381.5 §3.6(b) contains six requirements that must be met in order for a management agent to earn "special fees." AR 165-167.

26. HUD Handbook 4381.5 §6, titled "program monitoring," focuses on monitoring the activities of the management agent. AR 206.

27. Section 4 of chapter 4381.5, titled "financial compliance," is concerned with verifying that owners and management agents are in compliance with HUD requirements and regulations. AR 230.

28. HUD Handbook 4381.5 §6.5(a) contains guidelines for contracting for goods or services involving project income. AR 245.

29. §2.6(c) of the HAP Contract states, "[p]roject funds must be used for the benefit of the project…" Bakke Aff. Ex. 1, p. 12.

Dated this 1st day of August, 2008.

        VERMILYEA LAW GROUP PC
        Attorney for Plaintiffs


By:   */s/ Jeremy T. Vermilyea*
      Jeremy T. Vermilyea, OSB #001214
      Telephone: (503) 726-1080
      jeremy@vermilyealaw.com


Trial Attorney: Jeremy T. Vermilyea, OSB #001214

Page 4 – PLAINTIFFS' RESPONSE TO THE CONCISE STATEMENT OF FACTS IN SUPPORT OF OHCS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

VERMILYEA LAW GROUP PC
Attorneys at Law
PO Box 23338
Portland OR 97281
Telephone: (503) 726-1080 Fax: (503) 726-2496
*10041-2003111408.docx\TMF/8/1/2008*